IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DANIEL WILLIAM COOK and
YOLANDA TERESA COOK,

        Debtors.

**DANIEL W. And YOLANDA T.**                 CIV. NO.  09-803 JCH/CEG
**COOK individually and as Debtors in**
**Possession**,
        Plaintiffs,

v.

**EASTERN SAVINGS BANK, FSB, and**
**KRISTA TRICARICO, Special Master.**

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on (i) Eastern Savings Bank, FSB's ["ESB"] *Motion for Summary Judgment*, filed May 3, 2013 [Doc. 76]; (ii) pro-se Plaintiff Daniel William Cook's *Motion to Strike Defendants' Second Motion for Summary Judgment*, filed May 14, 2013 [Doc. 77], and (iii) ESB's *Motion to Amend Scheduling Order to Expressly Allow for Consideration of Eastern Savings Bank's Motion for Summary Judgment*, filed May 31, 2013 [Doc. 80]. Having considered the motions, the Tenth Circuit's Order remanding this case, and the applicable law, the Court will grant ESB's motions and deny Mr. Cook's motion.

On July 20, 2011, the Court granted ESB's motion for summary judgment and entered a final judgment in favor of ESB on Mr. Cook's fraud and other state-law claims relating to the foreclosure sale of his real property. *See* July 20, 2011 Memorandum Opinion and Order ("MOO") [Doc. 48]; Doc. 49 (final judgment). The Court held that,

> [b]ecause Cook has not alleged any facts to show that ESB committed fraud or that he was harmed by any alleged misrepresentation regarding legal ownership of the property during the redemption period, ESB is entitled to judgment as a matter of law on his state-law claims for fraud, misrepresentation, malicious abuse of process, violations of the New Mexico Unfair Trade Practices Act, and prima facie tort.

July 20, 2011 MOO at 8. On February 2, 2012, the Court denied Mr. Cook's motion to reopen. *See* Feb. 1, 2012 Order Denying Reconsideration. Mr. Cook appealed, and on October 10, 2012, the Tenth Circuit Court of Appeals affirmed the Court's rulings "in all but one limited respect." Oct. 10, 2012 Order at 2 [Doc. 61-1]. The Tenth Circuit held that this Court " correctly ruled that Mr. Cook failed to show a triable issue of detrimental reliance or harm relating to ESB's alleged misrepresentation," which was "fatal to his common law tort claims," but which may not be "fatal to his claim for violation of the New Mexico Unfair Practices Act (UPA)." *Id.* at 5. The Tenth Circuit noted that

> [t]he UPA provides for alternative forms of damages: actual damages or statutory damages of $100 (trebled for willful violations), whichever is greater. *Id.* And New Mexico courts have held that a plaintiff who cannot show detrimental reliance or actual harm may nevertheless recover statutory damages. . . . We therefore reverse the grant of summary judgment as it relates to Mr. Cook's UPA claim and remand for further proceedings solely on that claim.

*Id.* at 5-6.

Accordingly, ESB now moves for summary judgment on the UPA claim, seeking "to stipulate to judgment in the total amount of $300.00, representing the most the Plaintiffs can recover under the UPA." Doc. 76 at 2. Mr. Cook moves to strike this motion, contending that it is untimely because the amended Scheduling Order required all dispositive pre-trial motions to be filed by March 11, 2011. *See* Doc. 77 at 2.

ESB requests that the Court retroactively extend the dispositive-motions deadline to June 30, 2013 for good cause under Fed. R. Civ. P. 16(b)(4) because the Tenth Circuit remanded the

statutory-damages issue under the UPA to this Court. *See* Doc. 80 at 1.

The Court concludes that, because this case was remanded with instructions to address the limited issue whether Mr. Cook could recover statutory damages under the UPA, the Court should retroactively modify its scheduling order to extend the deadline for filing pre-trial dispositive motions to June 30, 2013. The Court will, therefore, grant ESB's motion to extend the deadline for filing dispositive pre-trial motions and deny Mr. Cook's motion to strike the motion for summary judgment.

Mr. Cook responds to ESB's motion for summary judgment, seeking to raise new facts and to reopen the whole issue of *actual* damages under the UPA notwithstanding the final judgment on that issue. *See* Doc. 78 at 3-11. The Court concludes that the Tenth Circuit's remand was clearly limited to the narrow issue whether Mr. Cook may recover statutory damages under the UPA, even though ESB was entitled to summary judgment on the issue whether the Cooks suffered any actual damages or harm resulting from alleged misrepresentations. The Court agrees with ESB (and the Tenth Circuit, *see* Doc. 61-1 at 5) that, statutorily, Mr. Cook could conceivably recover the maximum limit of $300 for any wilful misrepresentations that ESB may have made, *see* NMSA 1978, §57-12-10(B), notwithstanding the fact that the Court has already held (and the Tenth Circuit has affirmed that ruling) that Mr. Cook failed to show that he and his wife detrimentally relied on, or were harmed by, any alleged misrepresentations. *See Page & Wirtz Const. Co. v. Solomon*, 110 N.M. 206, 212, 794 P.2d 349, 355 (1990). Because ESB does not concede that it made any misrepresentations but has stipulated to a judgment in favor of Mr. Cook in the amount of $300 for statutory damages under the UPA, the Court will grant judgment in favor of Mr. Cook and against ESB in the amount of $300.

**IT IS ORDERED** that ESB's motion for summary judgment [Doc. 76] is GRANTED and

Mr. Cook is awarded $300 in statutory damages on his UPA claim;

**IT IS FURTHER ORDERED** that Mr. Cook's motion to strike [Doc. 77] is DENIED; and

**IT IS FURTHER ORDERED** that ESB's motion to retroactively extend the deadlines for filing dispositive pre-trial motions to June 30, 2013 [Doc. 80] is GRANTED.

_____
**UNITED STATES DISTRICT JUDGE**